UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARNELL RANDLE**  **CIVIL ACTION**

**VERSUS**  **No. 15-395**

**MIKE TREGRE, ET AL.**  **SECTION I**

## ORDER

Before the Court is a motion[1] for reconsideration filed by defendant, Travis Thomas ("Thomas"), in his individual capacity. Thomas asks this Court to reconsider that portion of its order and reasons[2] granting summary judgment in favor of his co-defendant, Justin Bordelon ("Bordelon"), in his individual capacity.

But as this Court explained at the pretrial conference, Thomas has asserted no claim against Bordelon in this proceeding and, as he did not file an opposition to the motion for partial summary

---

[1] R. Doc. No. 60.
[2] R. Doc. No. 59.

judgment before it was ruled on by this Court, the Court considers his motion to be procedurally barred.[3]  Furthermore, from a substantive standpoint, Thomas's request is rejected.[4]  Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, December 7, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] Thomas may also lack standing to make this request.  Indeed, the Federal Rules of Civil Procedure state that a "party seeking to recover upon a claim, counterclaim or cross-claim" or "a party against whom a claim, counterclaim or cross-claim is asserted" may seek or oppose a motion for summary judgment.  Fed. R. Civ. P. 56(a)-(b).  "While some courts have precluded co-defendants without crossclaims from filing oppositions to a co-defendant's motion for summary judgment, *see, e.g., Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11–00696, 2012 WL 1057599, at *4 (E.D. La. Mar.28, 2012) (citing cases holding that co-defendants do not have standing to file oppositions); *Thurman v. Wood Group Prod. Servs., Inc.*, No. 09–4142, 2010 WL 5207587, at *1 (E.D. La. Dec.14, 2010), others have considered a co-defendant's opposition.  *See Helen of Troy, L.P.*, 235 F.R.D. 634, 640 (W.D. Tex.2006)."  *Edwards v. Permobil, Inc.*, No. 11-1900, 2013 WL 4094393, at *1 (E.D. La. Aug. 13, 2013) adhered to, No. 11-1900, 2013 WL 4548706 (E.D. La. Aug. 27, 2013) (Vance, J.).  This Court need not decide the issue, however, in light of the procedural bar to Thomas's motion for reconsideration.

[4] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) ("[A motion for reconsideration] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").  As Thomas originally offered no arguments in opposition to the motion for partial summary judgment, any arguments he now raises are "arguments that could have been offered or raised before the entry of judgment."