UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARNELL RANDLE**                                         **CIVIL ACTION**

**VERSUS**                                                    **No. 15-395**

**MIKE TREGRE, ET AL.**                                **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by plaintiff, Darnell Randle ("Randle"). Randle asks this Court to reconsider that portion of its order and reasons[2] granting summary judgment in favor of former defendant, Justin Bordelon ("Bordelon"), in his individual capacity.

The basis for plaintiff's motion is his belief that defendants Hardy Schexnayder and Travis Thomas's accusations of misconduct against Bordelon[3] create a genuine issue of material fact that precludes summary judgment on plaintiff's excessive force claim against Bordelon.[4] Plaintiff advanced this same argument in his original opposition[5] to the motion for partial summary judgment. As explained by this Court both in its order and reasons[6] and in the pretrial conference, however, Randle *specifically and unequivocally exonerated Bordelon in his deposition.* Accordingly, plaintiff's own admission belies the existence of a genuine dispute of material fact.

---

[1] R. Doc. No. 61. Although this motion is noticed for submission on January 6, 2016, and no motion for expedited consideration has been filed, the Court finds it appropriate to decide the motion on an expedited basis given the imminent trial date.
[2] R. Doc. No. 59.
[3] The accusations plaintiff cites were made in Schexnayder and Thomas's statements in the internal affairs' report and, with respect to Thomas, were apparently repeated during his deposition. R. Doc. No. 61-1, at 2–4.
[4] R. Doc. No. 61-1, at 2–4.
[5] R. Doc. No. 47, at 3.
[6] R. Doc. No. 59, at 12.

As the Court has repeatedly emphasized, when asked by defense counsel, "So if Travis [Thomas] and Hardy [Schexnayder] said that [Bordelon] hit you with the flashlight and punched you, that would not be correct?" Randle responded "No, that's not correct at all. They lying on him." Defense counsel repeated, "They would be lying on [Bordelon]?" and again Randle responded, "Yeah, they lying on him. He never hit me."[7] This exchange could hardly be clearer.

Randle's counsel has not attempted to explain away his client's admission. His failure to address this testimony, which the Court unmistakably identified as the basis for its conclusion that no genuine issue of material fact exists with respect to Bordelon's actions, is inexplicable and is fatal to his motion.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, December 7, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. No. 31-5, at 30:120. Prior to the two statements quoted above Randle had actually twice already said that Bordelon never hit him. R. Doc. No. 31-5, at 30:119.