UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARNELL RANDLE**                                                  **CIVIL ACTION**

**VERSUS**                                                            **No. 15-395**

**MIKE TREGRE, ET AL.**                                      **SECTION I**

## ORDER AND REASONS

Before the Court is plaintiff's motion[1] for a new trial. The defendants who remained in the case at trial, Hardy Schexnayder ("Schexnayder") and Travis Thomas ("Thomas"), oppose[2] the motion. For the following reasons, plaintiff's motion is denied.

### BACKGROUND

Plaintiff, Darnell Randle ("Randle"), sued the St. John the Baptist Parish Sheriff's office and several of its law enforcement personnel due to an incident that occurred between Randle and those personnel on or about February 7, 2014. Randle initially advanced several causes of action against a number of defendants but, prior to trial, the Court entered summary judgment[3] in favor of all defendants except Schexnayder and Thomas. As to those two defendants, only Randle's excessive force claims under state and federal law remained.

After a two day trial, the jury found neither defendant liable. The Court accordingly entered judgment[4] in favor of defendants and against Randle on December 15, 2015. Randle filed

---

[1] R. Doc. No. 98.
[2] R. Doc. No. 104.
[3] R. Doc. No. 59.
[4] R. Doc. No. 94.

the present motion for a new trial twenty-nine days later, on January 13, 2016.[5] His motion argues that a new trial is required because of newly discovered evidence.

Specifically, Randle argues that "[s]ince the trial, [he] has discovered that Defendants were operating under an illegal quota system."[6] Randle refers to an October 2, 2012 memorandum issued by Sheriff Mike Tregre ("Sheriff Tregre") to the "Narcotic's Personnel" of the St. John the Baptist Parish Sheriff's office.[7] Under the heading "Goals and Objectives for the remainder of 2012," the memorandum provides that each narcotics officer is responsible for (1) "producing a minimum of 6 felony NARCOTICS arrests per month," (2) "producing a minimum of 2 search warrants per month," and (3) "documenting a minimum of 2 new informants per month."[8]

As a result of this memorandum, Randle alleges that "[a]t the time of the cause of this matter, it is now known that the Defendants were under pressure to [sic] insure that they find drugs on suspects and to force suspects to become informants in order to remain employed."[9] The Court notes that the "time of the cause of this matter" was February 2014.

## LAW AND ANALYSIS

I. **Standard applicable to a motion for a new trial**

Although plaintiff incorrectly cites[10] to a case applying Rule 59(e) in his motion, he does not dispute that Rule 59(a) governs his request for a new trial.[11]

---

[5] R. Doc. No. 98.
[6] R. Doc. No. 98, at 1.
[7] See R. Doc. No. 98-2.
[8] R. Doc. No. 98-2.
[9] R. Doc. No. 98, at 1.
[10] R. Doc. No. 98-1, at 1.
[11] R. Doc. No. 108, at 5.

3

Pursuant to Rule 59(a), a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(b) requires that the motion for a new trial be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Although Rule 6(b)(1) states that, in general, a district court has discretion to extend the period of time in which a party must act upon a showing of good cause, Rule 6(b)(2) provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), *59(b)*, (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b). (emphasis added).

The U.S. Fifth Circuit Court of Appeals has held that "Rule 6(b)(2) expressly prohibits extensions of time for post-judgment motions like the [motion for a new trial under Rule 59(a) that the plaintiff] filed below." *Spencer v. United States*, 594 F. App'x 242, 243 n.1 (5th Cir. 2015). Indeed, "the deadline set by Rule 59 for the parties to file a motion to alter or amend the judgment or a motion for new trial is jurisdictional and cannot be extended by a court." *Wadkins v. Werner*, No. 1:14-CV-00209-GHD, 2015 WL 4092708, at *1 (N.D. Miss. July 6, 2015) (Davidson, J.) (citing *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 545 n. 4, 63 S. Ct. (1943); *Heck v. Triche*, 775 F.3d 265, 271 n. 5 (5th Cir. 2014); *Ramirez*, 544 F. App'x at 533).

Although Rule 59(a) does not list specific grounds for a new trial, the Fifth Circuit has held that a new trial may be granted if, among other things, "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Weckesser v. Chicago Bridge And Iron, L.G.*, 447 F. App'x 526, 529 (5th Cir. 2011) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). A

district court also has discretion to grant a new trial on the basis of newly discovered evidence. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995)

"In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Id.* at 495; *see also Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 775 (5th Cir. 1995).  The burden is on the movant to demonstrate that the new evidence "clearly weighs in favor of a new trial." *Diaz*, 46 F.3d at 495.  The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court.  *See Pryor v. Trane Company*, 138 F.3d 1024, 1026 (5th Cir. 1998).

## II. Analysis

Defendants argue that Randle's motion should be denied because (1) it is untimely;[12] (2) the memorandum was in Randle's possession prior to trial; and (3) the memorandum would not change the outcome of the trial because it did not establish a quota system.[13]  Even if it had, however, defendants argue that Randle did not allege wrongful arrest, but rather excessive force, and any quota system is irrelevant to his claims.[14]

The Court concludes that because defendants are correct that Randle's motion was untimely, the motion must be denied on that basis alone.  Fed. R. Civ. P. 6(b)(2), 59(b).  As previously stated, the Court issued judgment in this matter on December 15, 2015.  Randle filed

---

[12] Rule 6(a) sets forth the rules for computing any time period specified in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 6(a).
[13] R. Doc. No. 104.
[14] R. Doc. No. 104.

the motion for a new trial twenty-nine days later, on January 13, 2016, one day after the time for filing had expired. While Randle correctly points out[15] that Rule 6(a)(1) states that, when computing any time period specified in the rules, the Court should "exclude the day of the event that triggers the period," the Court has done so in reaching its calculation. Fed. R. Civ. P. 6(a)(1)(A). The first day of the twenty-eight day period was December 16, 2015—the day after the judgment was issued. Counting December 16, 2015 as day one, January 12, 2016 was the twenty-eighth day after judgment and the last day on which Randle could file a motion pursuant to Rule 59(a). His motion was filed after that date and, therefore, it must be denied.[16] Accordingly,

**IT IS ORDERED** that plaintiff's motion for a new trial is **DENIED**.

New Orleans, Louisiana, February 26, 2016.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. No. 108, at 2.
[16] Because the Court denies Randle's motion as untimely, the Court does not reach defendants' alternative arguments for denying Randle a new trial.